***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Phillips with minor modifications.
 ***********
Plaintiff Ruth D. Rhodes' motion to add the separation agreement of July 18, 1986 is DENIED.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Richard Dell Kelly was an employee of Price Brothers, Inc., on September 1, 2000.
2. On September 1, 2000, Richard Dell Kelly was in a passenger in a vehicle owned by Price Brothers, Inc., when said vehicle was struck by a vehicle operated by an adverse driver, Jennifer Susan Gaisbauer. Richard Dell Kelly died on September 1, 2000, as a result of the injuries he sustained in said accident.
3. The injuries to and death of Richard Dell Kelly arose out of and in the course of said employee's employment with Price Brother, Inc.
4. Transcontinental Insurance Company was the workers' compensation carrier for Price Brothers, Inc. on September 1, 2000.
5. Richard Dell Kelly had an average weekly wage of $422.37, yielding a compensation rate of $281.58, as of September 1, 2000.
6. Ruth D. Rhodes qualified as personal representative of the estate of Richard Dell Kelly on September 8, 2000. A certificate of appointment was entered by John T. Gettys, Probate Court Judge for York County, South Carolina, File No. 2000-ES-460710.
7. The Defendant-Carrier paid a burial benefit of $2,000.00 to Ruth D. Rhodes on September 25, 2000.
8. Richard Dell Kelly was 19 years old at the time of the accident and death. He had never been married. He had no children. He had no dependents.
9. Richard Dell Kelly was survived by both of his parents, Ruth D. Rhodes and Carson Lydell Kelly. In addition, he was survived by his sister, Elizabeth Kelly, who was age 16 at the time of the accident and death.
10. Defendants recognize that they owe death benefits, but they have not paid the death benefits because there is a dispute between plaintiffs as to who is entitled to receive death benefits.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiffs Carson Lydell Kelly and Ruth D. Rhodes were married on or about July 19, 1979. There were two children born of their marriage, to wit: Richard Dell Kelly, born January 19, 1981, and Elizabeth Gail Kelly, born February 15, 1985.
2. Plaintiffs Carson Lydell Kelly and Ruth D. Rhodes separated in March of 1986, and executed a separation agreement that gave primary custody of the children to Ruth D. Rhodes and visitation to Carson Lydell Kelly.
3. Plaintiffs Carson Lydell Kelly and Ruth D. Rhodes agreed to the sum of $266.92 per month for child support to be paid by Carson Lydell Kelly to Ruth D. Rhodes. Carson Lydell Kelly was also required to maintain health insurance on plaintiffs' minor children.
4. Plaintiffs Carson Lydell Kelly and Ruth D. Rhodes later divorced.
5. Plaintiff Carson Lydell Kelly visited with Richard Dell Kelly on a regular basis between the time of the separation of the parties until Richard Dell Kelly reached the age of majority, with the exception of one time period when Richard Dell Kelly was approximately fifteen years of age.
6. When Richard Dell Kelly was approximately fifteen years of age, he and his step-mother, Shelia Kelly, had a disagreement that lasted for approximately six to nine months. During this time period, Richard Dell Kelly did not go to his father's home to visit; however, Carson Lydell Kelly kept in contact with his son on a weekly basis by way of e-mails.
7. Plaintiff Carson Lydell Kelly does not read or write well and requires the assistance of family members to correspond with his children.
8. Plaintiff Carson Lydell Kelly sent cards and gifts on a regular basis for holidays and the birthdays of plaintiffs' minor children, as well as visited with the minor children during the holidays.
9. Plaintiff Carson Lydell Kelly offered into evidence pictures of himself, his wife and plaintiffs' minor children which ranged in date from when the children were very young until the Father's Day prior to Richard Dell Kelly's death.
10. Plaintiffs lived in different states following their divorce and lived approximately one hour from one another.
11. When Richard Dell Kelly was old enough to drive, he willingly drove to his father's home to visit and go on fishing trips with his father when he was 16, 17 and 18 years of age.
12. The deceased was very involved in his high school ROTC drill team meets. Plaintiff Carson Lydell Kelly never attended any of his son's drill team meets. Plaintiff Carson Lydell Kelly also never paid for any of the drill team expenses. When Richard Dell Kelly was eighteen years of age and in boot camp, he still wrote letters to his father.
13. Plaintiff Carson Lydell Kelly and Richard Dell Kelly maintained telephone contact on a regular basis before and after Richard was emancipated.
14. Plaintiff Carson Lydell Kelly testified that he physically and verbally displayed affection towards Richard Dell Kelly throughout Richard's life on a regular basis.
15. Plaintiff Carson Lydell Kelly made all of his child support payments in a timely manner to plaintiff Ruth D. Rhodes until Richard Dell Kelly reached the age of majority, and made timely payments for the parties' daughter until she reached the age of majority, however, plaintiff Carson Lydell Kelly never voluntarily increased these payments for his children as his economic status prospered.
16. Plaintiff Carson Lydell Kelly maintained a health insurance policy on both of his minor children at issue until they reached the age of majority, however, plaintiff Carson Lydell Kelly never assisted in the orthodontic work needed for both his children.
17. In addition to paying child support, plaintiff Carson Lydell Kelly testified that he participated in activities with the minor children, such as Carowinds, and also assisted Richard Dell Kelly with repairs on his truck on at least one occasion.
18. Upon the death of Richard Dell Kelly, plaintiff Carson Lydell Kelly and his family attended the funeral and services for his son.
19. Plaintiff Carson Lydell Kelly met with plaintiff Ruth D. Rhodes regarding the cost of the funeral and paid the sum of thirteen hundred dollars ($1,300.00) to her at her request for the amount of expenses not covered by the insurance policies that Ruth D. Rhodes received for funeral expenses and life insurance.
20. Based upon the greater weight of the evidence, plaintiff Carson Lydell Kelly did not willfully abandon the care and maintenance of the deceased.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff Carson L. Kelly did not willfully and wantonly abandon the care and maintenance of Richard Dell Kelly. Davis,Administrator of the Estate of Troncony v. Trus Joist MacMillan,148 N.C. App. 248, 558 S.E.2d 210 (2002).
2. Death benefits of $281.58 for 400 weeks for Richard Dell Kelly should be distributed equally between his parents, plaintiffs Carson Lydell Kelly and Ruth D. Rhodes. N.C. Gen. Stat. § 97-40.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall distribute the death benefits of $281.58 for 400 weeks for Richard Dell Kelly equally between his parents, to wit: Carson Lydell Kelly and Ruth D. Rhodes.
2. The death benefits shall be paid in equal lump sums to the parents based upon the accrued death benefits and the commuted value of future death benefits, in accordance with the Industrial Commission's commutation table, subject to the fees awarded to the plaintiffs' attorneys as set forth below.
3. Counsel for Ruth D. Rhodes is awarded an attorney's fee which is equal to twenty-five percent (25%) of the total amount of death benefits being paid to said Ruth D. Rhodes. Said attorney's fees shall be deducted from the award to Ruth D. Rhodes and paid directly to counsel.
4. Counsel for Carson L. Kelly is awarded an attorney's fee which is equal to twenty-five percent (25%) of the total amount of death benefits being paid to said Carson L. Kelly. Said attorney's fees shall be deducted from the award to Carson L. Kelly and paid directly to counsel.
This the __th day of August, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER